(No. 3542—

GEORGIA E. STULL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

STONE & FOWLER, LONDRIGAN & LONDRIGAN (JAMES E. LONDRIGAN, of counsel), for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On December 16, 1939, claimant, Georgia E. Stull, while employed by respondent, and on duty as a domestic at the

State School and Colony at Lincoln, Illinois, fell upon the kitchen floor of the institution and fractured her left hip.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident occurred while claimant was in the performance of her duties, and arose out of and in the course of her employment. Respondent furnished all necessary medical, surgical and hospital services. Claimant's earnings during the year next preceding the injury were $995.70; at the time of the accident she had no children under sixteen years of age; the basis for determining compensation is therefore an average weekly wage of $19.15.

Claimant was temporarily totally disabled from December 16, 1939, to October 20, 1940, during which time she received compensation in the amount of $60.90. During this period of forty-four weeks, she was entitled to the sum of $10.54 per week, or a total sum of $463.76, so there is now due her on account of temporary total disability the sum of $402.86.

Claimant also seeks an award for sixty-five per cent permanent loss of use of her left leg, and for twenty-five per cent permanent loss of use of her right leg. From the record, it appears that she sustained a serious fracture of the surgical neck of the left femur with about an inch displacement inward and upward. The medical reports show that claimant's disability is permanent; that claimant's left leg is shorter than the right, with a slight general muscular atrophy, the left thigh being less in circumference than the right. There appears to be considerable stiffness and limitation of motion in the left hip, together with limitation of flexion. The report of Dr. R. F. Herndon finds practically no hyper-extension, abduction and external rotation reduced about twenty-five per cent, internal rotation and abduction practically normal.

From the medical reports, and from observation of the claimant by the court, the court finds that claimant has suffered a 50% permanent loss of use of her left leg, and no permanent loss of use of her right leg. She is therefore entitled to receive from the respondent the sum of $10.54 per week for a period of ninety-five weeks, or the sum of $1,001.30.

Award is therefore entered in favor of the claimant for the total sum of $1,404.16; all of which has accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.